**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELILA LOPEZ-DE MOLINA, | No. 10-72817 |
| Petitioner, | Agency No. A098-590-608 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Delila Lopez-De Molina, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011). We deny in part and grant in part the petition for review, and we remand.

The agency denied Lopez-De Molina's CAT claim because she failed to show it is more likely than not she will be tortured by guerrillas or gangs with the consent or acquiescence of the government if returned to El Salvador. Substantial evidence supports the agency's denial of CAT relief. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

The agency denied asylum and withholding of removal because it found Lopez-De Molina's rape by guerrillas did not occur on account of a protected ground, and that she was merely the victim of crime or a recruitment effort. Substantial evidence, however, does not support the agency's nexus determination because the evidence establishes an imputed political opinion (due to her suspected relationship to the military and/or police) was at least one central reason for the rape. *See Hu*, 652 F.3d at 1018-20 (imputed political opinion was a motivating factor in petitioner's abuse); *Kebede v. Ashcroft*, 336 F.3d 808, 812 (9th Cir. 2004) (rape on account of petitioner's family background). Accordingly, we grant the petition as to Lopez-De Molina's asylum and withholding of removal claims, and

remand for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

10-72817